946 F.2d 898
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carl Eugene JONES, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 89-15433.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1991.*
Decided Oct. 9, 1991.
 
 1
 Before FARRIS and TROTT, Circuit Judges, and DUMBAULD,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 The only issue, apparently, which appellant Carl Eugene Jones presents in the case at bar is "Whether the district court has prejudiced the issue presented on Appeal # CA 88-15602 by denying Appellant and this honorable Court an accurate docket reflecting the proceedings of November 4, 1985." [Unnumbered page 2 of Appellant's Brief.]
 
 
 4
 By the courtesy of the Appellee in attaching to its brief as Exhibit H the judgment of affirmance and unpublished memorandum of December 3, 1986 in Nos. 86-1012 and 1056 (DC # CR-85-0734-EFL) we are able to ascertain that appellant and one Linda Sherwood were both convicted for conspiring to manufacture methamphetamine (21 U.S.C. 846) and unlawfully using a telephone to further a conspiracy (21 U.S.C. 843(b)). Jones was also convicted of attempt to manufacture said drug (21 U.S.C. 846) and of unlawful possession of firearms, he being a felon (18 U.S.C.App. 1202). These convictions were affirmed by this Court, which found no merit in the claims of error advanced by appellant and his co-defendant.
 
 
 5
 The Government's Brief (pp. 2, 6) also states that since his conviction and incarceration Jones has been a prolific pro se litigator, inundating the courts with a profusion of collateral attacks and appeals and civil-rights type lawsuits. Often he fails to serve the United States with his appeal papers, but government counsel are aware of Nos. 88-15602 and 89-10288.
 
 
 6
 Judge Lynch denied appellant's motion to correct the docket sheet by order of February 24, 1989. [Exhibit A to Appellee's Brief]. The District Court determined that the motions which appellant's counsel refused to file, because he thought them improper, and which he suggested that appellant file and defend himself, were never actually filed. The document signed in the courtroom at the hearing on November 4, 1985, in case CR 85-0734-EFL simply declared that "The defendant, CARL JONES wishes to make the following motions prior to trial since his court-appointed attorney ROBERT J. BREAKSTONE, has advised him he refuses to file these motions:
 
 
 7
 1. Writ of Habeas Corpus to allow Carl Jones to make bail;
 
 
 8
 2. Motion to Suppress all evidence seized pursuant to search warrants;
 
 
 9
 3. Motion for Trial Continuance;
 
 
 10
 4. Motion for Bill of Particulars;
 
 
 11
 5. Motion to Exclude Attorney from representing him;
 
 
 12
 6. Motion to Dismiss Indictment for violation of due process. [Exhibit F to U.S. Brief, italics supplied].
 
 
 13
 The Government rebutted Appellant's motion in a response filed November 5, 1985. [Government's Brief, Exhibit G].
 
 
 14
 The accuracy of the docket sheet being a factual issue, the "clearly erroneous" standard of review applies. U.S. v. McConney, 728 F.2d 1195, 1199-1204 (9th Cir.1984).
 
 
 15
 The transcript of the hearing of November 4, 1985, indicates that the District Court immediately denied item 5 (exclusion of Breakstone as counsel) and impliedly 3 (continuance) as untimely under the circumstances at that late date. [Brief of U.S., unnumbered pages 7-8].
 
 
 16
 Presumably referring to the other points covered by the Motions Jones "wished" to make, the District Judge said:
 
 
 17
 The other motions I will consider. I will look at them and have my law clerk go over them. And I will keep you here ... during the entire trial. [Ibid., p. 8].
 
 
 18
 The District Judge also encouraged the Government to respond to Appellant's points, saying "a response from you is always helpful." [Ibid., p. 9].
 
 
 19
 Presumably the District Judge after "looking at them" impliedly (and correctly) concluded, as did the Government's response, that "The motions are totally frivolous" and must be denied. [Exhibit G to U.S. Brief, p. 2]. The trial proceeded and resulted, as previously noted, in appellant's conviction, which was affirmed by this Court.
 
 
 20
 Moreover, docket entries are often uninformative and in the case at bar their amendment would be of no benefit to appellant or of assistance to this Court. The nature and content of appellant's motions have been adequately documented and considered by the District Court and by this Court.
 
 
 21
 For the foregoing reasons the order of the District Court appealed from must be upheld and is hereby affirmed (and/or the appeal dismissed as not implicating an appealable Cohen -type order).
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Edward Dumbauld, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3